**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| MICHAEL WAYNE COX, | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| VS. | : | |
| | : | |
| Sheriff DONNIE POPE, Deputies | : | NO. 5:14-CV-201-MTT-CWH |
| JOHNNY CAMPBELL, CAMERON | : | |
| POUND, and STEVE WAGNER, and | : | |
| JASPER COUNTY, GEORGIA, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | **ORDER & RECOMMENDATION** |

Plaintiff **MICHAEL WAYNE COX**, an inmate at Calhoun State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Plaintiff has paid the initial partial filing fee of $9.68, as was previously ordered by this Court (Doc. 7). He will be obligated to pay the unpaid balance of $340.32, as is discussed below. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of Plaintiff's place of incarceration.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim

1

upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation).  **See also** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff's claims arise out of his pretrial confinement at the Jasper County Jail following his arrest on multiple charges.  Defendant Deputy Johnny Campbell arrested Plaintiff during the early morning hours of May 29, 2013.  According to Plaintiff, Campbell failed to show him the arrest warrants, in which a Jasper County magistrate judge specified bond for Plaintiff.  Plaintiff alleges that Campbell withheld the warrants maliciously and deliberately in order to prevent Plaintiff from learning that he was eligible for bond.

Defendant Deputy Cameron Pound booked Plaintiff at 5:08 a.m. on May 29th. At 6:30 a.m., Plaintiff allegedly inquired of Pound about bond. According to Plaintiff, Pound told him that he did not have a bond and that he had to wait for the "bond/first appearance hearing." That hearing occurred on May 30, 2013, at 11 p.m., at which the presiding magistrate judge denied Plaintiff bond and ordered that his case be transferred to superior court.

Plaintiff further alleges that, on July 16, 2013, he asked Defendant Deputy Steve Wagner for a grievance form. Wagner purportedly told Plaintiff that if he said one more thing, Wagner would lock Plaintiff up in a holding cell. Plaintiff again requested a grievance, and Wagner, in turn, placed Plaintiff in the holding cell without a hearing. Plaintiff alleges that he was held there for four days and was forced to sleep on a mattress on the floor under a toilet. He further alleges that the holding cell was not designed for housing, had mold growing out of the vent, and had only approximately "four square feet" of space in which to stand.

In addition to Deputies Campbell, Pound, and Wagner, Plaintiff sues Sheriff Donnie Pope and Jasper County, Georgia. Plaintiff alleges that these Defendants neglected to "train, supervise and control" the Deputies.

Plaintiff seeks compensatory and punitive damages and declaratory relief.

## III. DISCUSSION

### A. Dismissed Defendants

#### 1. Sheriff Donnie Pope

Plaintiff seeks to hold Defendant Sheriff Donnie Pope liable because he failed to "train, supervise and control" Deputies Campbell, Pound, and Wagner. Plaintiff's conclusory allegation that Sheriff Pope failed to train his deputies is insufficient to state a colorable claim. The Eleventh Circuit Court of Appeals recently summarized what a plaintiff must establish for a prison official to be held liable for failing to train subordinates:

> [U]nder § 1983, a supervisor can be held liable for failing to train his or her employees "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact." ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L.Ed.2d 412 (1989); *see also **Belcher v. City of Foley, Ala.***, 30 F.3d 1390, 1397 (11th Cir. 1994) ("A supervisory official is not liable under section 1983 for an injury resulting from his failure to train subordinates unless his failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure has actually caused the injury of which the plaintiff complains." (internal quotation marks omitted)). Thus, a plaintiff alleging a constitutional violation premised on a failure to train must demonstrate that the supervisor had "actual or constructive notice that a particular omission in their training program causes [his or her] employees to violate citizens' constitutional rights," and that armed with that knowledge the supervisor chose to retain that training program. ***Connick v. Thompson***, __ U.S. __, __, 131 S. Ct. 1350, 1360, 179 L.Ed.2d 417 (2011).

***Keith v. DeKalb County, Georgia***, 749 F.3d 1034, 1052 (11th Cir. 2014). Plaintiff has not alleged that Pope had actual or constructive notice of the need to train the Deputies or otherwise was deliberately indifferent.

Nor has Plaintiff alleged specific facts supporting Sheriff Pope's liability as a supervisor. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted). A supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)). Plaintiff has not alleged any of the above prerequisites for supervisory liability on the part of Pope.

Accordingly, it is hereby **RECOMMENDED** that Sheriff Pope be **DISMISSED** as a Defendant herein. Said dismissal will be without prejudice, however.

### 2. Jasper County, Georgia

As with Sheriff Pope, Plaintiff conclusorily alleges that Jasper County failed to "train, supervise and control" the Deputy Defendants. To state a claim against a county for liability under section 1983, a plaintiff must allege that his injury resulted from an ordinance, regulation, or other official policy or custom of the county. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) (setting forth the requirements for finding municipal liability); *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 (1978) (a county can be sued directly under section 1983 only for constitutional violations caused by

"a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"); ***Brown v. Neumann***, 188 F.3d 1289, 1290 (11th Cir. 1999) ("A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior*, for constitutional injuries inflicted by its employees."). Plaintiff has alleged no such official actions on the part of Jasper County. It is therefore **RECOMMENDED** that Jasper County, Georgia be **DISMISSED** as a Defendant herein.

### B. *Remaining Defendants*

#### *1. Deputies Johnny Campbell and Cameron Pound*

Denial of the opportunity to post bond after reasonable bond has been set could implicate the Eighth Amendment's prohibition on excessive bail or the Due Process Clause of the Fourteenth Amendment. Plaintiff alleges that Defendants Campbell and Pound denied him the opportunity to post bond as set forth in Plaintiff's arrest warrants. Because Plaintiff was denied bond at a hearing less than two days after his arrest, the ultimate merits of his claim are unclear. Liberally construing Plaintiff's allegations in his favor, however, the Court will allow this claim to go forward against Deputies Campbell and Pound. ***See e.g., Hebert v. Maxwell***, 2005 WL 2429174 (W.D. La. Sept. 30, 2005), ***aff'd and remanded on other grds***, 214 F. App'x 451 (5th Cir. 2007) (detainee's rights violated by jailer holding him for 48 hours without notification that he could post bail).

### *2. Deputy Steve Wagner*

Plaintiff alleges that Defendant Wagner placed Plaintiff in a holding cell not intended for habitation in retaliation for Plaintiff requesting a grievance form and in violation of Plaintiff's due process rights. Again, liberally construing Plaintiff's allegations, the Court will allow these claims to go forward against Deputy Wagner.

### *C. Summary*

In summary, the undersigned will allow Plaintiff's claims against Deputies Johnny Campbell, Cameron Pound, and Steve Wagner to go forward for further factual development. It is thus **ORDERED** that service be made on these three Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED** that Plaintiff's claims against Sheriff Donnie Pope be **DISMISSED WITHOUT PREJUDICE**, that his claims against Jasper County be **DISMISSED WITH PREJUDICE**, and that these Defendants be **DISMISSED** from this action.

Plaintiff may file written objections to the above recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof. *See* 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective

order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible,

but in any event no later than one hundred-twenty (120) days from when the discovery period begins, unless otherwise directed.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED**, this 22nd day of January, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge