IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MICHAEL WAYNE COX,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:14-CV-201 (MTT) |
| **Sheriff DONNIE POPE, Deputies JOHNNY CAMPBELL, CAMERON POUND, and STEVE WAGNER, and JASPER COUNTY, GEORGIA,** | ) ) ) ) ) ) |
| **Defendants.** | ) ) ) |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Charles H. Weigle. (Doc. 16).  The Magistrate Judge, having reviewed the Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, recommends dismissing the claims against Sheriff Donnie Pope and Jasper County, Georgia.  The Plaintiff objects to the Magistrate Judge's recommendation to dismiss Pope and Jasper County from this action.  (Doc. 18).

In his objection, the Plaintiff alleges that a deputy sheriff at the county jail told him "they had a policy to hold a violent felon until his first appearance hearing." (Doc. 18 at 2).  The Court construes this portion of the objection as a motion to amend the complaint.  *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (holding district court should have considered new allegations in objection as motion to amend the complaint).  This allegation does not cure the deficiencies in the Plaintiff's claims against Pope and Jasper County for failing to "train, supervise and

control" the other Defendants. (Doc. 1-1 at ¶ 53, 16). The Plaintiff does not allege that Pope or Jasper County had actual or constructive notice of the need to train the other Defendants or otherwise were deliberately indifferent. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359-60 (2011); *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1052-53 (11th Cir. 2014). Nor does this allegation alone suggest that Pope and Jasper County are liable under § 1983 for instituting a policy of holding violent felons until their first appearance hearings. The Plaintiff has not alleged facts suggesting that Pope or Jasper County were deliberately indifferent to the known or obvious consequences of such a policy. S*ee AFL-CIO v. City of Miami*, 637 F.3d 1178, 1188 (11th Cir. 2011) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)); *Molette v. Georgia*, 469 F. App'x 766, 768 (11th Cir. 2012); *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1036 (11th Cir. 2001) (en banc), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. The Court has reviewed the Recommendation, and the Recommendation is **ADOPTED** and made the order of this Court. The claims against Jasper County, Georgia are **DISMISSED**, and the claims against Sheriff Donnie Pope are **DISMISSED without prejudice**. These Defendants are **DISMISSED** from this action.

**SO ORDERED**, this the 7th day of April, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT