IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL WAYNE COX, | ) |
| Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION NO. 5:14-CV-201 (MTT) |
| JOHNNY CAMPBELL, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting in part and denying in part the Defendants' motion for summary judgment. (Doc. 39). The Plaintiff and Defendant Steve Wagner have filed objections to the Recommendation. (Docs. 40; 41; 42). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the objections and has made a de novo determination of the portions of the Recommendation to which the parties object.

The Plaintiff makes two objections. He first argues that he has raised a fact issue regarding his claim that Defendants Johnny Campbell and Cameron Pound should have advised him of and allowed him to post the scheduled bond amount listed on his arrest warrants. (Docs. 40 at 1-3; 42 at 1-3). But as Judge Weigle discussed in the Recommendation, the Plaintiff was not entitled to release, and so Campbell and Pound, as they argued in their motion, did not violate the Plaintiff's due process rights.[1]

---

[1] Judge Weigle reached this conclusion in his discussion of qualified immunity, an argument Campbell and Pound did not raise in their motion. But in his discussion of qualified immunity, Judge Weigle made clear that the Plaintiff failed to establish a constitutional violation because he was not entitled to release from detention. (Doc. 39 at 10-14).

*See Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009).  The Plaintiff also argues that he is entitled to recover "punitive and or presumed damages" in addition to nominal damages.  (Docs. 40 at 3-5; 42 at 3-5).  In the Eleventh Circuit, however, "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury."  *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015).  There is no evidence in the record that the Plaintiff suffered more than a de minimis physical injury.

Defendant Wagner makes several objections to Judge Weigle's recommendation to deny his motion for summary judgment.  First, Wagner objects to the finding that the Plaintiff fully exhausted his available administrative remedies, arguing that the Plaintiff did not respond to the Defendants' request for admissions and so admits that he "did not file an appeal after [his] formal grievances were denied."  (Docs. 33-5 at ¶ 6; 41 at 6).  After Wagner made this same argument in his motion for summary judgment, the Plaintiff responded that he answered the request for admissions and that, in any event, "there is no appeal procedure."  (Docs. 33-6 at 7-8; 37 at 4; 1 at 4).  Wagner did not file a reply, but in his objection he admits "there is no set procedure for appealing adverse grievance decisions clearly stated in the inmate handbook."  (Doc. 41 at 7).

The Defendants attached a copy of the Inmate Handbook to their motion for summary judgment, and Section 28, "Inmate Grievance Procedure," does not provide a procedure for appealing the denial of a grievance.  (Doc. 33-3 at 31-32).  Still, Wagner argues "there was an appeals process in place" and relies upon two sections of the Inmate Handbook and the Plaintiff's testimony that "[t]here was no appeal forms.  So to file an appeal, you had to get the grievance back to know what was denied or whatever,

so you could file an appeal to it, but this grievance does not have an appeal form or—process."[2]  (Docs. 35 at 20:13-16; 41 at 7-10).  Wagner offers no other evidence to suggest that there was a procedure for appealing the denial of a grievance.  Based on the plain language of Section 28 and Wagner's failure to produce any definitive evidence, the Court finds that there was no procedure for appealing the denial of a grievance.  *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (requiring courts, at the second step, "to make specific findings in order to resolve the disputed factual issues related to exhaustion").  Even if the Plaintiff's testimony could be read to suggest that there was a procedure for appealing the denial of a grievance once it was returned, this remedy was not available to the Plaintiff because, as he testified, his grievances were never returned and he was told he could not be shown the outcome of his grievances.  (Doc. 35 at 20:20-21:5).  Accordingly, the Plaintiff exhausted his available administrative remedies.

Wagner moved for summary judgment solely on the ground that the Plaintiff failed to exhaust his available administrative remedies, and thus did not address the merits of the Plaintiff's claims that Wagner retaliated against him in violation of the First Amendment and that Wagner placed him in a holding cell in violation of his due process rights.  Wagner argues in his objection that Judge Weigle impermissibly expanded the Plaintiff's complaint to include the claim that Wagner placed the Plaintiff in a holding cell in violation of his due process rights, thereby denying summary judgment "on claims that were not authorized by the frivolity review and thus were not litigated." (Doc. 41 at

---

[2] Specifically, Wagner cites Section 26, "Procedure for Violations & Discipline," which allows an inmate to appeal the imposition of a penalty for a violation the jail classifies as "major," and Section 27, "Inmate Grievance Mechanism," which provides that the following is subject to grievance: "Reprisals against inmates or staff for filing a grievance or appeal under the inmate grievance procedure."  (Docs. 33-3 at 29-30; 41 at 7-9).

3-5). Wagner argues that the following language in Judge Weigle's 28 U.S.C. § 1915A screening order "clearly limited the claims against Defendant Wagner to those related to his alleged violation of Plaintiff's First Amendment rights":

> Plaintiff alleges that Defendant Wagner placed Plaintiff in a holding cell not intended for habitation in retaliation for Plaintiff requesting a grievance form and in violation of Plaintiff's due process rights. Again, liberally construing Plaintiff's allegations, the Court will allow these claims to go forward against Deputy Wagner.

(Docs. 16 at 8; 41 at 3-4).

It is difficult to understand how Wagner finds any support for his argument in this language from Judge Weigle's order. Judge Weigle allowed "these claims" to go forward: Wagner's placement of the Plaintiff in a holding cell *in retaliation for* the Plaintiff requesting a grievance form and Wagner's placement of the Plaintiff in a holding cell *in violation of* the Plaintiff's due process rights. (Doc. 16 at 8). Because the Plaintiff raised a due process claim in his complaint, Judge Weigle did not "expand" the complaint. (Doc. 1-1 at 12, 15-16). The Plaintiff also discussed both claims in his response to the Defendants' motion for summary judgment. (Doc. 37 at 3). In fact, the Plaintiff provided a pincite to *Lyons v. Powell*, 838 F.2d 28, 31 (1st Cir. 1988), along with a parenthetical: "subjecting pretrial detainees to the use of a floor mattress for anything other than brief emergency circumstances may constitute an impermissible imposition of punishment." (Doc. 37 at 3). *Cf. Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) ("Due process requires that a pretrial detainee not be punished prior to a lawful conviction. … The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some legitimate government purpose."). Clearly, the complaint

states a due process claim based on the conditions of the Plaintiff's confinement, and just as clearly, Judge Weigle expressly allowed that claim to go forward.

"Should this Court permit a Fourteenth Amendment conditions of confinement claim to proceed," Wagner requests that the Court reopen discovery "so he may present a defense to said theory." (Doc. 41 at 5). "Generally, a motion for additional discovery is properly denied where a significant amount of discovery has already been obtained and further discovery would not be helpful." *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202-03 (11th Cir. 2003); *see also Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685-86 (11th Cir. 2013) (applying Rule 6(b)(1)(B) and the factors articulated in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Key to the determination of whether to allow additional discovery is whether a party has acted diligently. Here it is clear that Wagner has not been diligent.

As discussed, the Plaintiff's complaint clearly states a conditions of confinement claim, and Wagner gives no reason for why he did not conduct discovery on this claim. Wagner failed to conduct discovery even though defense counsel acknowledged during the Plaintiff's 19-page deposition that one of his grievances "is about the conditions in the holding cell." (Doc. 35 at 19:10-13). Even when the Plaintiff made clear in his response to Wagner's motion for summary judgment that he was bringing this claim, Wagner did nothing. Even now, Wagner does not specify what information he seeks. Allowing him to reopen discovery at this stage would prejudice the interest of efficient judicial administration and the Plaintiff, who responded to his motion for summary judgment. Therefore, Wagner's request is **DENIED**.

Finally, Wagner raises arguments in his objection that he did not present to Judge Weigle. Wagner argues that the Plaintiff has failed to establish a violation of due process and that he is entitled to qualified immunity on the First Amendment claim because his actions did not violate the Plaintiff's First Amendment rights and no clearly established law would have put him on notice that his actions constituted such a violation. (Doc. 41 at 5-6, 10-13). Again, Wagner moved for summary judgment only on the ground that the Plaintiff failed to exhaust his available administrative remedies. Wagner did so after missing the deadline for filing dispositive motions and, notwithstanding this failure, being granted an extension of time to file a dispositive motion. (Docs. 31-1 at 2; 32). After Wagner filed his motion for summary judgment, the Plaintiff argued in his response that Wagner violated his due process and First Amendment rights. (Doc. 37 at 3). Wagner chose not to file a reply.

Allowing Wagner to raise these arguments now and under these circumstances would be fundamentally unfair because it would allow Wagner "to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (citation and internal quotation marks omitted). If the Court were to consider Wagner's arguments, the Plaintiff would likely be entitled to notice and a reasonable time to respond because Wagner did not raise these grounds in his motion. *See* Fed. R. Civ. P. 56(f); *Lillo ex rel. Estate of Lillo v. Bruhn*, 413 F. App'x 161, 162 (11th Cir. 2011). This would reduce "the magistrate judge's role … to that of a mere dress rehearser." *Williams*, 557 F.3d at 1292 (citation

omitted). Accordingly, the Court declines to consider the arguments Wagner did not raise before Judge Weigle.

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Defendants' motion for summary judgment (Doc. 33) is **GRANTED in part** and **DENIED in part**. The claims against Defendants Campbell and Pound are **DISMISSED**, and the claims against Defendant Wagner in his individual capacity shall proceed.

**SO ORDERED**, this 22nd day of February, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT